## James E. Broughton, Appellee, v. E. B. Mitchell, Appellant.

EVIDENCE—*when rule that specialty cannot be varied by parol does not apply.* The rule that a sealed executory lease cannot be altered, changed or modified by parol agreement applies as between a lessor and the lessee and sub-lessees under the lessee, but that rule cannot be invoked here for the reason appellee does not claim as a lessee or sub-lesssee under said written lease, his claim being that he is an independent lessee under an oral lease from appellant.

Distress for rent. Appeal from the Circuit Court of Fayette county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

ARTHUR ROE, for appellant.

JOHN A. BINGHAM and F. M. GUINN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On November 28, 1906, I. C. Brown rented by written lease under seal, some 200 acres of land in Fayette county, Illinois, for a term expiring March 1, 1908, to W. R. Broughton and C. S. Broughton, for which they agreed to pay as rent the sum of $1,000 for the term. One covenant of the lease provided, that if any grain raised on the premises should be removed or attempted to be removed by any person or persons, before the payment of rent or if the parties of the second part should sell or attempt to sell any grain or produce, or if said grain or produce be claimed by any other person or persons before the rent should be fully paid, the rent should immediately become due and payable and the lessor should have the right to enter upon said premises or wherever else said grain might be found and take possession of the same and sell it or any part thereof. Another covenant provided that in case the lessee should assign or underlet the premises or any part thereof, the lessor

might at his election declare the lease null and void. The premises were afterwards sold by Brown to appellant E. B. Mitchell who on the 30th day of December, 1907, issued a distress warrant which was levied on two lots of corn, one of which, amounting to 450 bushels and stored in a house not located on said leased premises, had been raised on said premises by appellee, James E. Broughton, who was the son of the said W. R. Broughton and nephew of C. S. Broughton. Afterwards appellee filed an interpleader, claiming the ownership of said 450 bushels of corn and an issue having been joined, there was a trial, resulting in a verdict finding the issues in favor of appellee and that the property in question was his property. The verdict of the jury was subsequently confirmed by the court and appellee adjudged to be the owner and entitled to the possession of the corn in question.

The only question upon the facts presented to us is, did appellee raise the corn in question as tenant of appellant or as sub-tenant of the lessees in the written lease. Appellee, who was a single man living on the farm in question with his father, testified he had a conversation with Mitchell after the latter purchased the premises, in which he rented 30 acres of the land in question for corn, for which he was to pay one-third of the crop; that Mitchell told him to deliver the rent corn to his (appellee's) father at the crib; that he raised about 600 bushels, delivered one-third of it to his father according to the agreement and that the corn levied on and in question here, was the balance of the corn raised by him and belonged to him under the contract. That appellee raised the corn and delivered one-third of it to his father, is not controverted by the evidence and the testimony of appellee concerning the renting by him from appellant, was corroborated by his father and his brother George Broughton. On the other hand, appellant testified he never rented the land on which the corn in question was raised to appellee, and that no such

conversation as that testified to by appellee, his father and his brother, occurred. It was for the jury to determine whether they should believe the testimony of appellee and the two witnesses who corroborated him or that of appellant, and as they decided in favor of appellee, we are not at liberty to disturb their verdict.

Appellant complains of the second and third instructions given for appellee on the ground that they were "based on the facts of appellee being a tenant of appellant, which was not possible under the proof."

The two instructions referred to told the jury in effect, that if appellee was the tenant of appellant and not a sub-tenant of W. R. and C. S. Broughton, and that he had paid all the rent due appellant as a tenant, their verdict should be for appellee. These instructions fairly submitted the questions of fact to the jury and were in no way objectionable.

Counsel for appellant states as applicable to this case that a sealed executory contract cannot be altered, changed or modified by its terms by parol agreement and that so long as the contract contained in the lease under seal, remained executory, appellant had a right to repudiate the parol agreement and claim the full amount of rent contracted for.

The proposition of law so laid down was correctly stated, but it could affect only the relations between appellant and the original lessees or a sub-lessee under the original lessees, but could not apply to the relations existing between appellant and an independent lessee from him, such as appellee claimed to be. It was immaterial so far as any contract between appellant and appellee was concerned, whether there was or was not a written lease, under seal or not under seal, from appellant or his grantor to other persons. If appellee did in fact lease the premises, as found by the jury, by a parol lease from appellant and complied with his part of the lease, he was entitled to retain the two-thirds of the crop remaining, as provided for by

his lease, irrespective of the question whether the lessees in the original lease paid their rent or not.

Appellant also complains that two of his instructions were refused by the court. They were however based upon appellant's theory of the law as above stated and while they would have been proper in a suit between appellant and the original lessees in the written lease, they were for the reasons above given, wholly inapplicable in this suit.

What is above said also answers objection to the modification of appellant's instruction No. 4, which as modified by the court, correctly confined the rule of law above stated as applicable to the original contract, to the parties named therein.

The judgment of the court below will be affirmed.

*Affirmed.*